**Thora Y. STANCELL, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LKI GROUP, LLC), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 5, 2010.

Decided March 10, 2010.

Larry Pitt, Philadelphia, for petitioner.

J. Brendan O'Brien, Philadelphia, for respondent.

BEFORE: PELLEGRINI, Judge, and BUTLER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Thora Y. Stancell (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation

Judge (WCJ) granting the termination petition filed by LKI Group, LLC (Employer) because Employer's medical testimony, upon which the WCJ relied, did not constitute substantial evidence of a full recovery because he did not examine her right lower arm which was one of the injuries acknowledged in the Notice of Compensation Payable (NCP). Because we find no fault with the Board's decision, we affirm.

Claimant was injured in the scope of her employment on August 7, 2006, when she fell down steps near the front of a bus. An NCP was issued describing her injuries as "low back, (R) hand, (R) low arm contusion." Employer filed a termination petition on October 30, 2007, alleging a full recovery by Claimant and an unrestricted ability to return to work as of October 22, 2007.

At the hearing before the WCJ, Employer presented the expert testimony of Zachary Friedenberg, M.D. (Dr. Friedenberg), a board-certified orthopedic surgeon who also was a professor of orthopedic surgery with the University of Pennsylvania for 20 years. He stated that he examined Claimant on October 22, 2007, at which time he received a history from her of her work injury which consisted of back pain, pain in her shoulders and pain in her fourth finger on her right hand. Dr. Friedenberg testified that he asked Claimant what her current complaints were relative to her injuries and she stated that she had daily low back pain, some left shoulder pain but no right hand pain. He performed a physical examination which revealed no distress and showed normal posture and gait. He also reviewed a 2006 MRI scan which showed multi-level degenerative disc disease and a disc bulge but no evidence of herniation. It was Dr. Friedenberg's opinion that any MRI findings were not related to her work injury but had occurred over many years. He then examined Claimant's right hand and fin-

gers which showed no evidence of impairment of function and no swelling, deformity or loss of motion in the fourth finger where she had suffered a laceration. While not specifically examining Claimant's arm that was injured, Dr. Friedenberg opined that Claimant had fully recovered from her work injuries and that any complaints and restrictions in her back were a result of her age and arthritis. When asked if he had an opinion as to whether Claimant had fully recovered from her work injuries, presuming that the recognized work injuries included her right lower arm contusion, Dr. Friedenberg opined that she had also recovered from the contusion to her right lower arm as well.

In her defense, Claimant, 73 years old, testified that she had been a home care aide. After her injury, she treated with several physicians but then began treating regularly with Robert J. Cavoto, D.C. (Dr. Cavoto), a chiropractor, who gave her adjustments and massage therapy three times a week due to continued pain in her lower back. She claimed that she could not look for any work due to the pain in her back/tailbone which was almost as bad as when she was first injured. She denied any back pain prior to the work accident. She mentioned a car accident in June 2004 when she previously hurt her arm, but did not mention any current pain in her arm. She also stated that she was able to take public transportation to do her grocery shopping and that she was able to wash her clothes but she was not looking for any work.

Claimant offered the expert testimony of Dr. Cavoto who testified that he first examined Claimant on November 27, 2006, at which time she complained of back pain at a level of 10 on a scale of one to 10. He noted that he had previously treated Claimant at his practice for an April 13, 2006 car accident which injured Claimant's

lumbar spine, neck, right knee and left shoulder. Dr. Cavoto indicated that his office had ordered the May 27, 2006 MRI and agreed that the pre-injury MRI and post-injury MRI of September 21, 2006, contained similar findings. Further, the multi-level degenerative changes could not have developed from the time of the work injury. He stated that as of her April 20, 2006 visit, Claimant continued to complain of low back pain, and from that date until August 2, 2006, she had the same treatment for her low back three times per week. Dr. Cavoto conceded that since Claimant's work injury, her complaints had improved to a three out of 10 in severity. Dr. Cavoto believed that Claimant was capable of working with limitations on lifting, bending, standing and sitting. Dr. Cavoto did not testify in any regard that Claimant reported to him that she suffered from any lower right arm pain.

The WCJ granted the termination petition finding Dr. Friedenberg credible ("the testimony of Dr. Friedenberg is credited over the testimony of Dr. Cavoto to the extent of any inconsistencies") and totally rejecting Claimant's testimony as not credible. Claimant appealed to the Board arguing that Employer did not carry its burden of proof for termination because Dr. Friedenberg did not testify that he examined Claimant's right lower arm and, therefore, could not testify as to Claim-

ant's full recovery from that part of her work injury. The Board disagreed and affirmed the WCJ's decision stating that the WCJ had substantial evidence upon which to make his decision because Dr. Friedenberg was aware of Claimant's described work injury; he asked her if her right arm was giving her any pain at the present time; and he opined that she had fully recovered from her work injury. This appeal[1] by Claimant followed.[2]

Claimant makes the same argument on appeal as she did before the Board—that Dr. Friedenberg's testimony does not constitute substantial evidence of a full recovery because he did not examine her right lower arm. Only when he was asked a hypothetical question did he opine that if her recognized work injury also included a right lower arm contusion would she have recovered from that injury. Because he did not examine Claimant's right lower arm, he had insufficient information upon which to base his conclusion as to the status of her work-related right lower arm injury.[3]

This identical situation was addressed in *Jackson v. Workers' Compensation Appeal Board (Resources for Human Development)*, 877 A.2d 498 (Pa.Cmwlth.2005). In *Jackson*, the employer filed a termination petition alleging that the claimant had fully recovered from her back, knees and "arms" injuries—actually, a bruised elbow.

1. Claimant advises this Court that on September 25, 2009, she filed a *pro se* appeal with this Court but then on November 25, 2009, filed through counsel an application to amend the *pro se* petition to review. The application was granted and on December 15, 2009, Claimant, through Counsel, filed this petition for review.

2. Our scope of review of the Board's decision is limited to determining whether constitutional rights have been violated, whether an error of law was committed, or whether findings of fact are supported by substantial evidence. *Morella v. Workers' Compensation Ap-*

*peal Board (Mayfield Foundry, Inc.)*, 935 A.2d 598 (Pa.Cmwlth.2007).

3. An employer seeking to terminate compensation benefits has the burden of proving by substantial competent medical testimony that the claimant has fully recovered from all of the recognized work injuries and/or that the claimant has sufficiently recovered from said injuries to allow a return to the pre-injury job without restrictions. *Gillyard v. Workers' Compensation Appeal Board (Pennsylvania Liquor Control Board)*, 865 A.2d 991 (Pa. Cmwlth.2005).

The WCJ granted the petition, which the Board affirmed, and the claimant argued that the evidence was insufficient to support the termination of benefits because the employer's medical expert, Dr. Meller, never examined her arms or addressed the established arm injury. We stated:

> In this case, however, the evidence was sufficient for the WCJ to find that Claimant recovered from all of her work related injuries, including the bruised elbow. Claimant's own treating physician [Dr. Greene] testified that he did not find an arm injury. Dr. Greene's testimony that Claimant had no arm injury was not contradicted by Dr. Meller. To that extent, it was accepted by the WCJ as credible. Further, Claimant testified at the hearing before the WCJ that her only current complaints were her back, hip and knees. In essence, she conceded she did not continue to suffer from the bruised elbow, i.e., she recovered.
>
> Accordingly, there was nothing for the Employer to prove or establish in this regard.

*Id.*, 877 A.2d at 503.

Similarly, in this case, Dr. Cavoto, Claimant's treating chiropractor, made no mention of Claimant's lower arm pain, and Dr. Friedenberg noted that he asked Claimant about that pain and she made no mention of it.[4] Further, when Claimant testified before the WCJ, she never mentioned that she suffered from any lower arm pain. Consequently, Dr. Friedenberg's testimony that she was fully recovered from that injury was substantial competent evidence and he did not need to

specifically examine her arm to make such a determination that she was fully recovered from her work injury.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this *10th* day of *March*, 2010, the order of the Workers' Compensation Appeal Board dated September 15, 2009, at A09–0191, is affirmed.

---

**4.** Dr. Friedenberg testified as follows:

> I said to the patient, what is it that is bothering you now that occurred at the time of your injury? And she said she has pain in the back on a daily basis, and she pointed to the lower portion of her lumbar spine.... *The second complaint we asked her about was her right hand and arm. She said it did not give her —— the right hand did not give her any pain at the present time.* The third complaint was her left shoulder, where she had some pain in the left shoulder, which was non-radiating in type. And she had no neck pain at the time I saw her. (March 11, 2008 Notes of Transcript at 11–12.)